CITY OF GREENWOOD v. GEORGE HARRIS.

[42 South. Rep., 538.]

MUNICIPALITIES. *Defects in streets. Notice. Actual. Constructive.*

   A municipality is not liable for an injury suffered from a defect in a street of which it has no knowledge, actual or constructive; and it is not chargeable with constructive knowledge of a defect of such recent origin that the municipality was not negligent in failing to discover and remedy it before the injury.

FROM the circuit court of Leflore county.

HON. A. McC. KIMBROUGH, Judge.

George Harris, appellee, was plaintiff, and the city of Greenwood, appellant, defendant, in the court below. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The suit was for damages for personal injuries sustained by plaintiff. An excavation in one of the principal streets of the city, made by a plumber in effecting a sewerage connection, was subsequently imperfectly filled by him with soft dirt. The plaintiff came to the place on horseback shortly afterwards, and,

his horse stepping into the hole so filled, was thrown to the ground and suffered severe physical injuries. On the trial the city introduced evidence tending to show its want of knowledge of the defective condition of the street and contended that the injury to the plaintiff followed too soon after the street became defective for defendant to be charged with negligence in not having notice of the defect.

Appellant's chief assignment of error brought in review the action of the trial court in modifying its ninth instruction (the modification consisting of inserting the words printed below in italics), which as modified reads as follows:

"(9) The court instructs the jury that although they may believe from the evidence that the injury to plaintiff was caused by a defect in the street, yet they must find for the defendant, unless it has been shown by a preponderance of the evidence that the defendant actually, *constructively or impliedly* knew of said defect, or was guilty of negligence in not knowing of such defect, and that the defendant either knew of, or ought to have known of, such defect for a sufficient length of time prior to the injury to plaintiff to have remedied the defect."

*Gwin & Mounger,* for appellant.

The evidence shows that the city had no actual knowledge of the improper filling of the ditch by the plumber. Moreover, the time between the filling of the ditch and the accident was not sufficient to charge the city with negligence in not knowing of its condition. *Butler* v. *Oxford,* 69 Miss., 618; 15 Am. & Eng. Ency. L. (2d ed.), 480. The ditch was filled just before dark, and it was impossible under the circumstances for the city to acquire knowledge of the defect before the accident, shortly after. *Cohea* v. *Coffeeville,* 69 Miss., 561; *Bell* v. *West Point,* 51 Miss., 262. The case of *Jackson* v. *Carver,* 82 Miss., 583 (s.c., 35 South. Rep., 157), relied upon by counsel for appellee, merely holds that a municipality must use *ordinary* diligence in ascertaining the condition of a street or crossing.

We contend that it was error in the lower court to modify the ninth instruction for defendant by inserting the words "constructively or impliedly," thus, in effect, telling the jury that they might find that the city "constructively or impliedly" knew of the defect, even though it was not guilty of negligence in not knowing of the same, and even though it did not know, and could not have known, of the defect for a sufficient time prior to the injury to plaintiff to have remedied the same.

*Coleman & Wade,* for appellee.

Appellant's contention is misleading in that it proceeds upon the mistaken idea that the ditches were filled only an hour before appellee received his injuries. As a matter of fact the ditches had been filled for some time, giving the city ample time and opportunity to know of the defective condition of the street, and to remedy the same. The case of *Cohea* v. *Coffeeville,* 69 Miss., 561, referred to by counsel for appellant, is not in point. Strictly speaking, notice is not necessary to establish negligence on the part of a public corporation in a case such as this. 3 Abbott on Municipal Corporations, sec. 1040. That the city was liable for the defective condition, see *Jackson* v. *Carver,* 82 Miss., 583 (35 South. Rep., 157).

The modification of instruction number nine for appellant by adding after the words "actually know" the additional words "or constructively or impliedly," was correct. The law books and authorities all hold that a municipality may have constructive knowledge of defects in a street, from lapse of time. Furthermore, under *Jackson* v. *Carver, supra,* the appellant is chargeable with knowledge, constructive or implied, of what is the natural effect of natural causes. That case uses the actual words, "notice may be actual or constructive or implied."

Moreover, all of the instructions must be taken together, and not any one alone as setting forth all of the law. *Hawthorne* v. *State,* 58 Miss., 778.

MAYES, J., delivered the opinion of the court.

The action of the court below in modifying the ninth instruction asked for the defendant, by inserting the words "constructively or impliedly," was clearly erroneous, and for that reason the cause is

*Reversed and remanded.*